IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Gregory L. Hill, | Civil Action No.:2:11-03409-JFA-BHH |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| Warden of Coastal Pre-Release Center, | |
| Respondent. | |

The Petitioner, a state prisoner, seeks habeas relief pursuant to 28 U.S.C. § 2254. This matter is before the Court on the Respondent's Motion for Summary Judgment. (Dkt. No. 15; see also Dkt. No. 14.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review the instant petition for relief and submit findings and recommendations to the District Court.

The Petitioner brought this habeas action on or about November 22, 2011. (Dkt. No. 1.) On February 28, 2012, the Respondent moved for summary judgment (Dkt. No. 15; see also Dkt. No. 14.) By order filed February 29, 2012, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 29.) Petitioner filed his Response in Opposition on or about March 23, 2012. (Dkt. No. 18.)

## PROCEDURAL HISTORY

The Petitioner is currently confined at the Coastal Pre-Release in North Charleston, South Carolina. Petitioner was indicted by the Dorchester County Grand Jury for armed robbery in April of 2007. (See Dkt. No. 14-1 at 80 of 132.) On June 19, 2007, Petitioner, represented by Marva Hardee-Thomas, Esquire, waived presentment to the grand jury and

pled guilty to entering a bank, depository, or building and loan association with intent to steal before the Honorable Diane S. Goodstein. (Id. at 81-82; 3-79.) Judge Goodstein sentenced Petitioner to twelve years of incarceration, and she revoked his probation on a charge related to a fraudulent check. (Id. at 59-63 of 132.) Judge Goodstein indicated that the two sentences were to run concurrently. (Id. at 63.)

Petitioner did not perfect an appeal, but he did file an application for post-conviction relief ("PCR") on or about November 13, 2007. (Dkt. No. 14-1 at 85-91 of 132.) In his PCR application, he asserted that he was being held in custody unlawfully due to ineffective assistance of counsel and an involuntary guilty plea. (Id. at 87.) In response to the question regarding why he did not appeal, Petitioner stated that he was "[n]ot informed of appellate rights." (Id. at 86.)

On October 28, 2008, an evidentiary hearing was held before the Honorable James C. Williams, Jr. (Dkt. No. 14-1 at 92-132 of 132; Dkt. No. 14-2 at 1-28 of 61.) Petitioner was present and represented by Tricia A. Blanchette, Esquire. In an order dated August 12, 2009, Judge Williams denied the application for post-conviction relief and dismissed the petition. (Dkt. No. 14-2 at 36-43 of 61.)

On September 9, 2009, Petitioner, though his attorney Ms. Blanchette, filed a Motion for Rehearing pursuant to Rule 59(a) and/or Motion to Alter or Amend Pursuant to Rule 59(e). (See Dkt. No. 14-2 at 46-48 of 61.) Judge Williams entered an Amended Order of Dismissal on October 6, 2009. (See Dkt. No. 14-2 at 52-61 of 61.)

On or about November 13, 2009, Petitioner, through his attorney Ms. Blanchette, filed a Notice of Appeal. (See Dkt. No. 14-4.) On March 19, 2010, Ms. Blanchette filed a Petition for Writ of Certiorari on behalf of Petitioner; the issue presented was stated as follows:

> Whether the Lower Court Erred in Finding that Plea Counsel's Performance Was Not Ineffective and Prejudicial to the Petitioner Due to Counsel's Lack of Competence in Handling the Petitioner's Case and Counsel's Active Misadvice Regarding the Petitioner's Plea and Sentencing.

2

(Dkt. No. 14-5 at 3 of 19.) The Supreme Court of South Carolina entered an order denying the petition on July 7, 2011. (See Dkt. No. 14-7.) Petitioner, though his counsel Ms. Blanchette, filed a Petition for Rehearing on July 18, 2011. (See Dkt. No. 14-8.) The request for rehearing was denied, and the matter was remitted to the lower court, on August 4, 2011. (See Dkt. No. 14-9; Dkt. No. 14-10.)

Petitioner then filed the instant habeas petition wherein he raised one ground for review: ineffective assistance of counsel. (See Dkt. No. 1.) In the "supporting facts" section of Ground One, Petitioner identifies four facts to support his claim. (See Dkt. No. 1.) The four facts are alleged as follows:

(1) "Insufficient time with attorney before plea."

(2) "Not provided discovery."

(3) "Misadvised as to parole eligibility."

(4) "Involuntary guilty plea due to ineffective assistance of counsel."

(Dkt. No. 1 at 5-8 of 23.)

## APPLICABLE LAW

**Summary Judgment Standard**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth., 597 F.3d 570, 576 (4th Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.'" Id.

(quoting Hunt v. Cromartie, 526 U.S. 541, 552 (1999)); see also Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).

**Habeas Standard of Review**

Since the Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 521 U.S. 320, 322-23 (1997); Breard v. Pruett, 134 F.3d 615, 618 (4th Cir.1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceeding.

28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams, 529 U.S. at 410.

## DISCUSSION

Respondent moved for summary judgment on all of Petitioner's grounds for relief. (See Dkt. No. 15; Dkt. No. 14.) The undersigned will address Petitioner's grounds in turn.

**A.     Facts One & Two: "Insufficient Time with Attorney Before Plea" & "Not Provided Discovery"**

As the first "fact" in support of his claim for ineffective assistance of counsel, Petitioner claims he had insufficient time with his attorney before his guilty plea. (Dkt. No. 1 at 5 of 23.) Petitioner states (verbatim),

4

> As evident in PCR evidentiary hearing transcript, plea counsel did not meet with petitioner except in court room for a total of 3 to 5 minutes. Plea counsel states in evidentiary hearing transcripts that she did not know Petitioner was assigned to her until the day of court . . . Plea counsel states that she seen who she could but did not see petitioner. The facts of insufficient time with attorney before plea is clearly proved in evidentiary hearing transcripts. Petitioner was assigned the same public defender as his co-defendant, when this error was found out the petitioner was assigned a different public defender approximately one month before plea hearing. Petitioner on several occasions by letter and phone attempted to contact public defender to arrange a meeting and requested the discovery at no time did the public defender make contact with the petitioner until day of court.

(Id. at 5-6.) Petitioner also asserts–in "fact" two–that his counsel was ineffective because he was "not provided discovery." (Id. at 6.) Specifically, Petitioner states (verbatim),

> As shown in the PCR evidentiary hearing transcripts the questions asked to plea counsel showed her complete ineffectiveness in her handling of the petitioner's case. She was asked if she had the petitioner's file she said no. She was asked did she know where his file was, she said no. She was asked if she went over the discovery with him she said no. She was asked if she talked to petitioner about possible defenses or preparing case for trial she said no. She was asked if she went over co-defendants statement, she said no. Plea counsel states that all she done was present an offer from the state without explaining any details or any other options for petitioner. She stated that she would not have done that.

(Id.)

As noted above, both "fact" one and "fact" two are couched as ineffective assistance of counsel claims. Strickland v. Washington, 466 U.S. 668 (1984), states that a meritorious ineffective assistance of counsel claim must demonstrate two things: first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the defense. Id. at 687–96. A court's evaluation of counsel's performance under this standard must be "highly deferential," so as to not "second-guess" the performance. Id. at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered

5

sound trial strategy.  Id. (internal quotation marks and citation omitted); see also Bowie v. Branker, 512 F.3d 112, 119 n.8 (4th Cir. 2008); Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1297–99 (4th Cir. 1992); Roach v. Martin, 757 F.2d 1463, 1467 (4th Cir. 1985).  In order to establish the second prong of Strickland, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.  A "reasonable probability" has been defined as "a probability sufficient to undermine confidence in the outcome." Id.

The two-part test enunciated in Strickland applies to challenges to guilty pleas based on ineffective assistance of counsel. See Hilll v. Lockhart, 474 U.S. 52, 58 (1985). "[I]n order to satisfy the 'prejudice' requirement [set forth in Strickland], the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.

Respondent seeks summary judgment on both "fact" one and "fact" two because the PCR court's determination of these issues was not contrary to or an unreasonable application of clearly established federal law. (See Dkt. No. 14.) The PCR judge addressed the two issues raised by Petitioner together. (See Dkt. No. 14-2 at 55-57 of 61.) In his order of dismissal, the PCR judge first discussed the evidence presented by the applicant. (Id. at 55-56.) Judge Williams noted that both Petitioner and Petitioner's mother testified that they had been unable to reach counsel via telephone. (Id. at 55.) The PCR order states, *inter alia*,

> Applicant's mother testified that she and other family members would have been present at the plea if they had known when the plea was. At PCR hearing, Applicant expressed concern that counsel had other clients in the courtroom on the day of his plea. Applicant testified that he did not really get to tell counsel his side of the story. Applicant asserts that counsel did not review discovery materials with him. Applicant further testified that counsel

6

was not aware of any mitigating factors to share with the court in sentencing. Applicant also asserted that counsel erred in asking the court to consider a probationary sentence when he had told her he would do six years. Applicant also testified that counsel failed to point out to the court that he had cooperated. During the plea, Applicant answered affirmatively when asked if he had enough time to speak with his attorney and whether his attorney had done everything she could have or should have done. (Tr. pp. 40-42.) Applicant stated that he only responded affirmatively when asked if the solicitor had accurately related the facts because he thought this was the best plea deal he would get. Applicant further asserts that counsel failed to discuss suppression of his statement or his co-defendant's statement prior to his plea.

(Id. at 55-56.) The PCR judge also noted that Petitioner introduced a letter, which was made part of the record during the plea hearing, at his PCR hearing, and then described plea counsel's testimony:

> Counsel testified that she met with Applicant twice after he was assigned to her. Another attorney had previously been handling the case. Counsel confirmed that she had other clients in the courtroom on the day of Applicant's plea but testified that this was not uncommon in her duties as a public defender. Counsel testified that both of her talks with Applicant had taken place in the courtroom. Counsel stated that when the plea offer was communicated to her she relayed it to Applicant. Counsel answered questions that the Applicant had. Counsel testified that she has clients complete a form listing personal information about themselves and that she uses this form in speaking on the client's behalf. Even though she had not discussed Applicant's background with him, counsel testified that the form provided her this information. Counsel also testified that Applicant had not asked about discovery. Counsel testified that she had time to review the facts of the case, the charge, and what the State was offering.

(Id. at 56.)

In rejecting these claims, the PCR court found that plea counsel was not deficient. (Id.) The order provides,

> Counsel had reviewed the charges and facts of the case. It appears that Applicant acknowledged his guilt and wanted to enter a plea. More specifically, Applicant wanted to take advantage of the plea offer. Under these circumstances I find no deficiency in the time counsel spent with Applicant.
> Moreover, I further find that Applicant has failed to demonstrate prejudice in this regard. I find Applicant's testimony not credible. Applicant has made no showing that additional time with his attorney would have affected

7

the outcome of the proceeding. Applicant testified that he pled guilty because he wanted to get out of the county facility and the deal sounded good. Applicant has not pointed to any benefit which may have been derived from additional time with his attorney. Though Applicant now expressly denies any knowledge that the robbery would occur, at the time of his plea he agreed with the solicitor's statement of facts. The solicitor reviewed what the State's evidence against Applicant consisted of at the plea hearing, including Applicant's own statement, the statement of his co-defendant, and videotape of Applicant purchasing the B.B. gun that was later used in the robbery. Applicant had admitted dropping off his co-defendant at the bank, and Applicant's co-defendant gave a statement that he and Applicant had planned the robbery. Applicant has shown no exculpatory benefit which would have been realized by additional review this evidence. Applicant has not demonstrated that either his statement or the statement and testimony of his co-defendant would have been suppressed at trial. Applicant presented a letter at the plea expressing that he was wrong in the incident but his life had been impacted by drugs. The letter also reviews his military service and accomplishments. Counsel also told the court about Applicant's military service and family life. For these reasons, I find that Applicant has failed to demonstrate that if he had more time with his attorney or had reviewed the evidence he would not have pled guilty but would have insisted on a trial.

(Id. at 56-57.)

The undersigned recommends granting summary judgment on "fact" one and "fact" two because Petitioner has not met the standard set forth in § 2254. As a preliminary matter, "the mere fact that counsel spent little time with [petitioner] is not enough under Strickland, without evidence of prejudice or other defects." Lentz v. Washington, 444 F.3d 295, 303 (4th Cir. 2006) (citing Bowling v. Parker, 344 F.3d 487, 506 (6th Cir. 2003)). And while Petitioner now complains about the amount of time he was able to spend with his attorney, the following exchange occurred at his plea hearing:

> THE COURT: Are you satisfied with the services of your attorney?
> . . .
> DEFENDANT HILL: Yes, Your Honor.
> . . . .
> THE COURT: Have you and your lawyer fully discussed the charges against you?
> . . . .
> DEFENDANT HILL: Yes, Your Honor.
> . . . .

> THE COURT: Have you spoken with your attorney for as often and for as long as you feel necessary for him or for her to properly represent you?
>
> . . . .
>
> DEFENDANT HILL: Yes, Your Honor.
>
> . . . .
>
> THE COURT: Has your lawyer done everything for you in your case that you feel that she or he should have done or could have done to properly represent you?
>
> . . . .
>
> DEFENDANT HILL: Yes, Your Honor.
>
> . . . .
>
> THE COURT: Has your lawyer done anything in his or her representation of you that you feel that she or he should not have done?
>
> . . . .
>
> DEFENDANT HILL: No, Your Honor.
>
> . . . .
>
> THE COURT: And have you understood your talks with your lawyer?
>
> . . . .
>
> DEFENDANT HILL: Yes, Your Honor.
>
> . . . .
>
> THE COURT: Are you completely, completely satisfied with your lawyer's services?
>
> . . . .
>
> DEFENDANT HILL: Yes, Your Honor.

(Dkt. No. 14-1 at 42-44 of 132.) In addition, Petitioner agreed to the solicitor's version of the facts:

> MR. SORENSON: May it please the Court. Your Honor, this occurred on February 7th of this year at about 1:50 in the afternoon at . . . in Ridgeville here in the County of Dorchester, at the Enterprise Bank.
>
> At that time a co-defendant in this case by the name of Randy Cooper came into the bank armed with what turned out to be a B.B. pistol, appeared to be to the tellers inside to be a gun.
>
> He robbed the bank with several employees inside at the time. Got away with about $1,400, but they also put a dye pack in the bag with the money. It ended up going off as Mr. Cooper was fleeing the bank, ended up throwing that down along with the B.B. pistol, got some of the red dye on it.
>
> The sheriff's office responded out there and upon the beginning of the interview some of the victims out there including Ms. Angie Peele, Ms. Peele is in the courtroom today, seated in the second row, Your Honor.
>
> They noticed a red Monte Carlo that had circled the bank now for about the fourth time while the police were there. They ended up conducting a traffic stop on that Monte Carlo. And Mr. Hill was driving it.

> When they found–they were interviewing him in the back seat a box–a Wal-Mart bag and a box that was a B.B. pistol box. Needless to say that B.B. pistol box ended up matching the gun that they located out there.
>
> They ended up at that point in time beginning to question him. He gave a statement admitting to dropping Mr. Cooper off. Mr. Hill actually banked, I believe, at the Enterprise Bank but dropping Mr. Cooper off at that point in time indicated he was waiting on him, driving around several times.
>
> They ended up tracing that B.B. pistol from being purchased at the Wal-Mart in Goose Creek. They got the video and actually showed where Mr. Hill was the one that actually had purchased the B.B. pistol. They ultimately ended up catching Mr. Cooper, I believe, later that day or the following day.
>
> He gave a statement where essentially he admitted to doing the bank robbery. Additionally admitted to be and Mr. Hill had been smoking crack earlier that morning and basically planned the bank robbery and gone and purchased the B.B. pistol for the purpose of that bank robbery.
>
> THE COURT: Very well. All right. Is that what happened.
>
> THE DEFENDANT HILL: Yes, ma'am.

(Dkt. No. 14-1 at 34-36 of 132.)

The PCR court's finding that Petitioner failed to establish deficient performance or prejudice is not contrary to or an unreasonable application of cleary established federal law. As the PCR judge noted, counsel testified that she reviewed the charges and the facts of the case, and she also testified as follows:

> Q. What was the advantage to pleading to entering the bank as opposed to armed robbery?
>
> A. I believe he dropped it from a violent to the non-violent. That's my understanding. This is what the state indicated they would do, and I indicated that it went from armed robbery to entering a bank, and it would be up to–it would be better to go before the judge than taking what the solicitor would give, if they wanted to give probably more.
>
> Q. So, why would the entering a bank be better?
>
> A. Well, it's my understanding that they were offering him that because of the facts. I indicated to him that he helped out, you know, I indicated that he indicated that he was driving around, there is no way that he possibly could have been involved, and this is what he indicated to me. And this is why they changed it.

10

> . . .
>
> Q. If I may, would you agree that entering a bank does not carry a minimum sentence?
>
> A. It's my understanding, that's what I remember. I think so.

(Dkt. No. 14-2 at 22-23 of 61.) Plea counsel testified that she remembered him asking if she could get a plea for him. (Id. at 14 of 61.) Although Petitioner testified that he would not have pled guilty but for counsel's alleged ineffectiveness, the PCR judge found Petitioner's testimony not credible, and Petitioner has not met his burden to overcome the presumption of correctness afforded such a factual finding. See 28 U.S.C. § 2254(e)(1); see also Wilson v. Ozmint, 352 F.3d 847, 858 (4th Cir. 2003). And as the PCR judge noted, Petitioner "made no showing that additional time with his attorney would have affected the outcome of the proceeding." (Dkt. No. 14-2 at 57 of 61.) At his plea hearing, Petitioner agreed to the facts as stated by the solicitor, and he also indicated he was satisfied with the amount of time he had with his attorney. Petitioner has not shown anything that would overcome the "strong presumption of veracity" carried by his statements at the guilty plea hearing. United States v. Morrow, 914 F.2d 608, 614 (4th Cir. 1990); see also Blackledge v. Allison, 431 U.S. 63, 74 (1977) (noting that a defendant's representations at a plea "constitute a formidable barrier in any subsequent collateral proceedings" and that "[s]olemn declarations in open court carry a strong presumption of verity"); Edmonds v. Lewis, 546 F.2d 566, 568 (4th Cir. 1976) (indicating that a defendant's statements made during a guilty plea "will be considered conclusively established by that proceeding . . . unless he offers . . . a valid reason why he should be permitted to depart from the apparent truth of his earlier statement" (internal quotation marks and citation omitted)). The undersigned therefore recommends granting summary judgment to Respondent on "fact" one.

11

Petitioner asserts in "fact" two that his counsel was ineffective because he was "not provided discovery." (Dkt. No. 1 at 6.) To the extent Petitioner bases this claim on counsel's inability to recall or find her file, such evidence does not meet the standard set forth in Strickland. See Fretwell v. Norris, 133 F.3d 621, 623-24 (8th Cir. 1998). It is undisputed, however, that Ms. Hardee-Thomas did not provide discovery to Petitioner. The PCR court noted plea counsel's testimony that Petitioner did not ask her about discovery but that she "had time to review the facts of the case." (See Dkt. No. 14-2 at 56 of 61.) In rejecting the claim, and finding no prejudice, the PCR judge stated, "Applicant has shown no exculpatory benefit which would have been realized by additional review of this evidence." (Id. at 57.) In addition, the PCR judge noted that Petitioner presented a letter at the plea hearing "expressing that he was wrong in the incident but his life had been impacted by drugs." (Id.) The order rejecting Petitioner's application for PCR stated, "I find that Applicant has failed to demonstrate that if he . . . had reviewed the evidence he would not have pled guilty but would have insisted on a trial." (Id.)

The PCR court's determination with respect to "fact" two is not contrary to, or an unreasonable application of, clearly established federal law. Counsel testified that she had sufficient time to review the facts of the case. Moreover, when the solicitor summarized the facts of the case and the evidence against Petitioner, Petitioner agreed with the solicitor's version of the facts. As the PCR judge noted, Petitioner has not shown any exculpatory benefit that would have been realized by going over the discovery. (See id. at 57.) On these facts, the undersigned recommends granting summary judgment to Respondent on "fact" two. See Breeland v. Pennsylvania, No. 11-7691, 2012 WL 1392627, at *8-9 (E.D. Pa. Mar. 27, 2012), adopted at 2012 WL 1392566 (E.D. Pa. Apr. 20, 2012) (rejecting habeas claim that a guilty plea was entered into unknowingly because counsel failed to provide the petitioner with discovery materials and agreeing "with the Superior Court of Pennsylvania

12

that petitioner has failed to prove that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different); see also Hunter v. United States, No. 1:09cv472, 2010 WL 2696840, at *4 (W.D.N.C. July 6, 2010) (stating, in evaluating a § 2255 claim, that "Petitioner makes the bald assertion that had counsel investigated further, he would not have entered a guilty plea, but does not support that claim with any fact, the discovery of which was likely through investigation and that would have resulted in a not guilty plea and, ultimately, an acquittal or a lower sentence. Petitioner has not shown either deficient performance or prejudice and therefore, his claim must fail.").

**B.     "Fact" Three: "Misadvised as to Parole Eligibility"**

Petitioner also claims his counsel was constitutionally ineffective because he was "misadvised as to parole eligibility." (Dkt. No. 1.) In his Petition, Hill states (verbatim),

> Fact is South Carolina in the sentencing guidelines has two different non-violent categories. First one is a non-violent 65% with work credits and parole eligibility. Second is a non-violent 85% no work credits and no parole eligibility. Petitioner was told by plea counsel that the offer from state was for entering a bank with intent to steal. Petitioner stated he never entered a bank and plea counsel stated so this is a non-violent charge. Petitioner asked what does this mean and plea counsel on three separate occasions told Petitioner that this plea was for a non-violent 65% with work credits and parole eligibility. At no time was the Petitioner told that this was a non-violent 85% no work credits or parole eligibility. This is the exact same time Petitioner would have to do with the original charge. There was no benefit for the Petitioner on taking this offer. Petitioner fully cooperated with law enforcement and it was stated in evidentiary hearing transcript that it was changed from a violent to non-violent because of Petitioner not being involved in the act of this charge. Plea counsel misadvised Petitioner on sentencing time and sentencing guidelines, when Petitioner was sentenced to 12 years after plea counsel told him she would get 6 or better in front of Judge. Petitioner asked plea counsel to appeal. Plea counsel states what for you will do ½ of 12 years which is six and that is what you said you would do. Plea counsel failed to appeal on the request of the Petitioner. The PCR transcripts shows plea counsel total disregard in preparing or handling of the Petitioner case. Petitioner submits the facts show plea counsel rendered ineffective assistance of counsel due

13

to counsel lack of competence in the handling and misadvise regarding the
plea and sentencing of the Petitioner.

(Dkt. No. 1 at 7-8 of 23.)

In addressing this claim, the PCR judge first noted the testimony presented at the PCR hearing. (See Dkt. No. 14-2 at 58 of 61.) Although plea counsel testified that she did not discuss parole eligibility with Petitioner and did not recall discussing the ramifications of a violent or non-violent sentence with Petitioner, Petitioner testified that counsel gave him incorrect advice on parole eligibility. (Id.) The PCR judge summarized Petitioner's testimony as follows:

> Applicant testified that counsel told him the charge of Entering a Bank, Depository, or Building and Loan Association with Intent to Steal was a non-violent offense. Applicant stated that counsel told him the charge carried 0-30 years imprisonment. Applicant testified that he told his attorney he would take 6 years and that counsel had told him she thought he could possibly get a sentence of 6-10 years. Applicant testified that he thought he would do about half of his twelve-year sentence before becoming eligible for parole and enjoy other benefits from having a non-violent sentence. Applicant testified that he had not previously heard of 85% or a "no parole offense" prior to getting his parole date from the Department of Corrections.

(Id.) In a footnote, the PCR judge noted that, in contrast to the charge to which Petitioner pled guilty, armed robbery "carries a minimum sentence of ten (10) years and a maximum sentence of thirty (30) years." (Id. at n.2.) Both charges, however, "would be classified as 'no parole offenses' requiring service of at least 85% of the term of imprisonment imposed." (Id. at 58-59 n.3.)

The PCR judge found that plea counsel's testimony was credible and that Petitioner's testimony was not credible. As noted above, factual findings–including those on credibility–are "presumed to be correct"; Petitioner has the "burden of rebutting the presumption by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); see also Wilson v. Ozmint, 352 F.3d 847, 858 (4th Cir. 2003). In rejecting this claim, the PCR judge stated,

14

> I further find no evidence that Applicant relied on any errant advice by counsel. It strains credulity that had Applicant known that both Armed Robbery and Entering a Bank, Depository, or Building and Loan Association with Intent to Steal carried the same parole eligibility status that Applicant would have elected to proceed to trial on the violent offense of Armed Robbery facing a minimum 10 year sentence.

(Dkt. No. 14-2 at 58 of 61.)

The undersigned recommends granting summary judgment on "fact" three because the PCR court's determination was not contrary to, or an unreasonable application, of clearly established federal law; nor was it an unreasonable determination of the facts. The PCR court credited plea counsel's testimony that she did not discuss parole eligibility with Petitioner, and Petitioner has not rebutted the presumption of correctness by clear and convincing evidence. In addition, as the PCR court noted, both offenses carried the same parole eligibility status, but the charge Petitioner avoided–armed robbery–carried a minimum sentence, whereas the charge to which he pled guilty did not. In his Response in Opposition to the Motion for Summary Judgment, Petitioner states that he "would ask this court in view of plea counsels [sic] lack of an adversarial process or acting as an advocate in any capacity to consider what possible reason would petitioner have accepted this plea unless he was misadvised by plea counsel." (Dkt. No. 18 at 18 of 25.) As noted by the PCR judge, the plea allowed Petitioner to avoid a minimum sentence. Petitioner has not met the standard set forth in § 2254 and is therefore not entitled to relief on this "fact."

**C. "Fact" Four: Involuntary Guilty Plea**

In "fact" four of his Petition, Hill contends his guilty plea was involuntary due to ineffective assistance of counsel. (See Dkt. No. 1.) Petitioner states (verbatim),

> In the State of South Carolina it is held that a plea must be made knowingly and understandably. The fact is Petitioner submits and PCR evidentiary hearing transcripts confirm that due to the complete lack of attention and total misadvice by plea counsel that Petitioner did not receive his protection enunciated by U.S. Supreme Court and guaranteed under the U.S.

15

> Constitution Sixth Amendment, the Petitioner submits that the South Carolina Supreme Court erred in finding that plea counsel rendered effective assistance of counsel. It is clear from the PCR hearing transcript that plea counsel did not act as an advocate or work in any capacity to ensure a meaningful adversarial process for the Petitioner. At the evidentiary hearing plea counsel did not bring her file nor could she explain its location. The fact is she clearly stated that she did not meet with Petitioner at the detention center, she did not review the discovery or case documents with him, she did not review the indictments or the applicable statutes with him, she did not negotiate a plea or discuss potential defenses or proceeding to trial and she did not go over co-defendants statement with him. Plea counsel did remember communicating but not explaining the states offer to him while trying to deal with other clients and matters in the courtroom. At the time of the PCR evidentiary hearing plea counsel was suspended from the practice of law by the S.C. Supreme Court. . . .

(Dkt. No. 1 at 8-9 of 23.)

Petitioner raised this issue in his application for PCR; the PCR court treated the claim as a claim for ineffective assistance of counsel, stating, "Given Applicant's burden of proof and the analysis to be applied to this claim, the Applicant's claim of involuntary plea is, in essence, a claim of ineffective assistance of counsel, and it will be treated as such." (Dkt. No. 14-2 at 55 of 61.) As the PCR court concluded, the claim in "fact" four is an ineffective assistance of counsel claim, as Petitioner claims that counsel's errors led him to enter into the guilty plea involuntarily. See Thomas v. Eagleton, 693 F. Supp. 2d 522, 531-32 (D.S.C. 2010). The undersigned addressed above Petitioner's claims that counsel was ineffective for failure to review the discovery with him and for failure to bring her file to the PCR hearing or explain its location. In addition, while Petitioner complains that his counsel did not meet with him at the detention center, Petitioner did meet with his counsel on two different occasions, and the undersigned addressed Petitioner's claim that he had insufficient time with his attorney.

To the extent Petitioner raises claims in the instant petition that counsel was ineffective for failure to negotiate a plea or discuss potential defenses or proceeding to trial,

the undersigned notes that those claims were not addressed in the PCR judge's order. As a result, any such claim in the instant action is procedurally barred. See Montgomery v. Bodison, C.A. No. 6:09-778-HMH-WMC, 2010 WL 297667, at *4 (D.S.C. Jan 20, 2010) (although petitioner raised some claims in his petition, they were procedurally barred because the PCR court did not rule on them, and petitioner did not file a Rule 59(e) motion); Miller v. Padula, C.A. No. 2:07-3149-PMD, 2008 WL 1826495, at *10 (D.S.C. Apr. 23, 2008) (concluding the petitioner's claim that counsel was ineffective for failing to challenge the lack of timely action on the arrest warrant was not properly exhausted because the claim was not raised during the PCR hearing, and "[a]n issue not ruled upon by the PCR judge is not preserved for review on appeal," and the petitioner's "attempt to raise the new issue in his post-trial motion was insufficient to preserve the issue for appeal"). The same is true for Petitioner's claim that counsel was ineffective for failing to review the indictments or applicable statutes with him; such allegations were not addressed by the PCR judge.[1]

---

[1] Even if these claims were not procedurally barred, Petitioner would not be entitled to relief on his claim that his guilty plea was involuntary. "A guilty plea . . . is valid only if done voluntarily, knowingly, and intelligently, 'with sufficient awareness of the relevant circumstances and likely consequences.'" Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005) (quoting Brady v. United States, 397 U.S. 742, 748 (1970)). As the Supreme Court stated in Hill v. Lockhart, "[t]he longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" Hill v. Lockhart, 474 U.S. 52, 56 (1985) (quoting North Carolina v. Alford, 400 U.S. 25, 31 (1970)). "In evaluating the constitutional validity of a guilty plea, 'courts look to the totality of the circumstances surrounding [it], granting the defendant's solemn declaration of guilt a presumption of truthfulness.'" Unites States v. Moussaoui, 591 F.3d 263, 278 (4th Cir. 2010) (quoting Walton v. Angelone, 321 F.3d 442, 462 (4th Cir. 2003)).

The plea colloquy in the instant case reveals that Petitioner was aware that the maximum possible penalty for entering a bank with the intent to steal was thirty years in prison. (Dkt. No. 14-1 at 21 of 132.) Petitioner indicated he understood that by pleading guilty, he gave up the right to remain silent, the right to require the State to prove him guilty beyond a reasonable doubt, the right to confront witnesses who would testify against him, and the right to a trial by jury. (Id. at 21-26.) Petitioner represented that no one had promised him anything in order to get him to plead guilty and that no one had tried to force him or intimidate him into pleading guilty. (Id. at 40-41.) Hill stated that he was satisfied with his attorney, that he had enough time to speak with his attorney, that his lawyer had done everything Petitioner asked, and that Petitioner was completely satisfied with his attorney's

In his Memorandum in Support of his Motion for Summary Judgment, Respondent cites United States v. Cronic, 466 U.S. 648 (1984), noting that Petitioner attempted to raise this claim in his brief to the South Carolina Supreme Court. (See Dkt. No. 14 at 23 of 39.) However, as Respondent contends, because Petitioner never presented a Cronic claim to the PCR court, that claim is now procedurally barred, and Petitioner is not able to show cause and prejudice. Any claim pursuant to Cronic must therefore be rejected. See Montgomery v. Bodison, C.A. No. 6:09-778-HMH-WMC, 2010 WL 297667, at *4 (D.S.C. Jan 20, 2010); Miller v. Padula, C.A. No. 2:07-3149-PMD, 2008 WL 1826495, at *10 (D.S.C. Apr. 23, 2008); see also Ivey v. Catoe, 36 Fed. App'x 718, 730-31 (4th Cir. 2002). For the above reasons, the undersigned recommends granting summary judgment to Respondent on Petitioner's claim that his plea was involuntary.

---

services. (Id. at 41-44.) On the facts of the instant case, the claim that Petitioner's guilty plea was involuntary should be rejected. See United States v. Solomon, 106 Fed. App'x 170, 171 (4th Cir.2004); United States v. Robinson, 82 Fed. App'x 322, 323 (4th Cir.2003) ("Robinson's plea colloquy reveals that his plea was knowingly and voluntarily entered into."); United States v. DeFusco, 949 F.2d 114, 119-20 (4th Cir.1991); see also Ridgeway v. Stevenson, No. 3:10-490-RBH, 2011 WL 666124, at *6-7 (D.S.C. Feb. 11, 2011) (rejecting the petitioner's claim that there was a violation of Boykin v. Alabama, 395 U.S. 238 (1969), where the petitioner contended that "there [was] no evidence that anyone, neither trial counsel nor the court, even explained to petitioner the actual elements of the charged offenses prior to accepting petitioner's guilty plea" because, inter alia, while "the plea is invalid" where "a defendant pleads guilty to a crime without having been informed of the crime's elements," "the United States Supreme Court has never held that the judge himself must explain the elements of each charge to the defendant on the record").

## **CONCLUSION**

It is therefore RECOMMENDED, for the foregoing reasons, that Respondent's Motion for Summary Judgment (Dkt. No. 15) be GRANTED; and the Petitioner's habeas petition be DISMISSED WITH PREJUDICE. It is further RECOMMENDED that a certificate of appealability be denied.[2]

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

June 12, 2012
Charleston, South Carolina

**The Petitioner's attention is directed to the important notice on the next page.**

---

[2] A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 327 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-85 (4th Cir. 2001). In this case, the undersigned recommends concluding that the standard for the issuance of a certificate of appealability has not been met.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).